UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KIM JEOUNG HUN** | **CIVIL ACTION NO. 06-0871** |
| **A 71 946 553** | **SECTION P** |
| **JOHN MATA, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on or about May 24, 2006, by *pro se* petitioner Kim Jeoung Hun. Petitioner is an immigration detainee in the custody of the Department of Homeland Security's Bureau of Immigration and Customs Enforcement (ICE). He is presently detained at the Tensas Parish Detention Center, Waterproof, Louisiana, and is awaiting removal to The Republic of South Korea. He asks this court to "... enjoin his Asylum application for withholding of removal or direct the Immigration authorities to refer his case to an Asylum Officer for an interview to determine whether Petitioner has a reasonable fear of persecution or torture pursuant to 8 C.F.R. §208.31..." [doc. 1-3, pp. 1-2]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION.**

## STATEMENT OF THE CASE

Petitioner fled from North Korea to South Korea in 1951 during the Korean War. On

January 4, 1990, he entered the United States as a non-immigrant visitor. He was convicted of a drug charge in 1996 and after having served his sentence, he was removed to South Korea in 1999. In June 2000, he was arrested by the South Korean National Police. He claims to have been tortured and otherwise abused for a period of three weeks while he was held in custody.

During his fourth week of captivity he escaped. He obtained a false travel document under an assumed name and fled to Canada on August 21, 2000. On August 29, 2000, he illegally re-entered the United States. On some unspecified date, he was taken into custody and his removal and continued detention pending removal was ordered.[1] Sometime after May 19, 2006, he submitted an Application for Asylum and for Withholding of Removal to the ICE and/or the United States Justice Department. [doc. 1-3, pp. 7-18[2]]

## LAW AND ANALYSIS

As shown above, petitioner asks this court to "... enjoin his Asylum application for withholding of removal or direct the Immigration authorities to refer his case to an Asylum Officer for an interview to determine whether Petitioner has a reasonable fear of persecution or torture pursuant to 8 C.F.R. §208.31..." [doc. 1-3, pp. 1-2] This request for relief is unclear and somewhat ambiguous; however, petitioner does elsewhere clearly allege that his "...Due Process rights [were] violated by the immigration officials when the Service failed to properly adjudicate

---

[1] Petitioner's Application for Asylum and for Withholding of Removal indicates that he resided in San Jose, California and worked as a "handy-man" from 2000 - 2004. The Application indicates that he has been in custody continuously since January 2004 at the Hawaii Federal Detention Center (from January 2004 - June 2004), the Eloy C.C.A. in Arizona (from June 2004 - September 2004), the McRae CCA in Georgia (from September 2006 – April 2006), and at the TPDC since April 2006. [see doc. 1-3 p. 10]

[2] Petitioner signed the Application on May 16, 2006 [see doc. 1-3, p. 15]; however, the declaratory affidavit attached to the Application is dated May 19, 2006. [doc. 1-3, p. 18] Curiously, the instant petition was signed on May 12, 2006. [doc. 1-3, p. 6]

2

his claims for relief ..."

It thus appears that petitioner has been unsuccessful in having his application for asylum adjudicated by either the Immigration Judge or the Bureau of Immigration Appeals; it also appears that this failure is probably due to the fact that he presented his application in an untimely manner. An applicant for asylum has the burden of proving by clear and convincing evidence that he applied for asylum within one year of his arrival in the United States, or within one year of April 1, 1997, whichever is later. INA § 208(a)(2). Of course, petitioner arrived in the United States in August 2000. It does not appear that he made application for asylum until May 2006.

To the extent that petitioner seeks review of the final order of removal on this or any other basis, he has filed his claim in the wrong court. The Real ID Act of 2005, P.L. 109-13, 2005 HR 1268, 119 Stat. 231, enacted on May 11, 2005, divested the United States District Courts of jurisdiction over petitions for *habeas corpus* relief challenging final orders of removal. Section 106 of the REAL ID Act (codified at 8 U.S.C. § 1252), provides:

> (5) Exclusive Means of Review - Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act....

The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 6 U.S.C. § 1252(b)(2).

The REAL ID Act also provided that "the district court shall transfer ... to the court of

3

appeals" any case "challenging a final administrative order of removal" that is "pending in a district court on the date of the enactment" of the REAL ID Act – May 11, 2005. REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

The instant petition ostensibly falls within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), because it apparently seeks review of an order of removal. The district court lacks jurisdiction to review the merits of the petition.

Furthermore, the court may not transfer this case to the court of appeals because the petition was not filed until May, 2005 and therefore it was not pending on May 11, 2005, the date that Congress passed the REAL ID Act.

Therefore,

**IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* [Doc. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to petitioner's right to file his petition and motion in the appropriate United States Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 23rd day of June, 2006.

                                        KAREN L. HAYES
                                        U. S. MAGISTRATE JUDGE